## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIDIER ANTOINE            :
33 Crystal Terrace        :     CIVIL ACTION
Mount Bethel, PA 18343   :
                           :     CASE NO.
        Plaintiff,        :
                           :
    v.                   :
                           :     **JURY TRIAL DEMANDED**
VEIN CLINICS OF AMERICA, INC. :
676 E. Swedesford Rd., Ste 170  :
Wayne, PA 19087          :
                           :
        Defendant.      :
                           :

## CIVIL ACTION COMPLAINT

Plaintiff, Didier Antoine (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Vein Clinics of America, Inc. (*hereinafter* referred to as "Defendant" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1.     Plaintiff initiates the instant action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.S. §§ 2000a *et. seq.*) and violations of the Pennsylvania Human Relations Act ("PHRA").[1] As a result of Defendant's unlawful actions, Plaintiff has suffered the damages as set forth herein.

### JURISDICTION AND VENUE

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States. This Court may maintain

---

[1] Plaintiff will move to amend his instant lawsuit to include a claim under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant Title VII claims identically.

supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims herein.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (c)(2), because Defendant resides in and/or conduct business in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult male with an address as set forth in the above caption.

7.      Defendant is an entity with locations throughout the United States (including the location at which Plaintiff worked in Wayne, PA) specializing in the medical treatment of vein disease.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.      Plaintiff is an adult male.

11.     Plaintiff was hired by Defendant to work at its Wayne, Pennsylvania location.

12.     Plaintiff worked for Defendant for approximately three (3) months as a vascular technician.

13.     Plaintiff was the only male vascular technician throughout his employment with Defendant.

14.     During his employment, Plaintiff was required to go through training; however, throughout his training with Defendant, he was treated in a discriminatory and disparate manner as compared to his female co-workers by his preceptor, Lisa Schoenwald.

15.     For example, unlike his female counterparts, Plaintiff was treated in a derogatory manner, yelled at, refused help, and was subjected to discriminatory comments related to his gender.

16.     For example, Schoenwald would tell Plaintiff "Male [vascular] techs never make it" and "you really need to figure out how to do this because males never really make it."

17.     Plaintiff complained about Defendant's gender-related discriminatory behavior (as discussed *supra*) to Defendant's management, including but not limited to Kenneth Lomax (Manager) whom thereafter informed Plaintiff that he reported Plaintiff's concerns to Medical Director, Robert Singh.

18.     Upon information and belief, Defendant's management never properly resolved or investigated Plaintiff's concerns of gender discrimination and instead terminated Plaintiff's employment shortly after his last complaint of gender discrimination.

19.     Plaintiff was told that he was being terminated because he did not successfully complete training after twelve (12) weeks; however, before his termination, Lomax informed

Plaintiff that there were numerous individuals who were given substantially more than 12 weeks to complete training.

**Count I**
**<u>Violation of Title VII of the Civil Rights Act of 1964, as amended</u>**
**([1] Gender Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

20.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21.     Defendant is an "employer" within the meaning of the Title VII because at all times relevant herein, Defendant has employed at least fifty (15) or more full-time employees within the present or preceding calendar year and engages in a business that affects interstate commerce.

22.     Plaintiff exhausted his administrative remedies (with respect to his Title VII claims) because he timely filed Charges with the Equal Employment Opportunity Commission ("EEOC") and filed the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC.

23.     Plaintiff was subjected to a hostile work environment during his period of employment due to his gender and/or complaints of gender discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

24.     Plaintiff complained to Defendant's management regarding the discriminatory behavior that he was being subjected to within the workplace; however, Defendant's management did not properly investigate or resolve his concerns of discrimination.

25.     Shortly after making his aforementioned complaints of gender discrimination, Plaintiff was terminated from his position with Defendant for completely pretextual reasons.

26.     Plaintiff believes and therefore avers that he was terminated from Defendant because of his gender and/or in retaliation for complaining of gender discrimination.

27.     These actions as aforesaid constitutes violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference/discrimination at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____

Ari R. Karpf, Esquire
Attorney for Plaintiff
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020

Dated: March 21, 2016

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| DIDIER ANTOINE | CIVIL ACTION |
| v. | |
| VEIN CLINICS OF AMERICA, INC. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| | | |
|---|---|---|
| 3/22/2016 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 33 Crystal Terrace, Mount Bethel, PA 18343

Address of Defendant: 676 E. Swedesford Road, Suite 170, Wayne, PA 19087

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/22/2016   _____   ARK2484
                  Attorney-at-Law   Attorney I.D.# 91538
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/22/2016   _____   ARK2484
                  Attorney-at-Law   Attorney I.D.# 91538

CIV. 609 (5/2012)

*⇒JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANTOINE, DIDIER

**DEFENDANTS**

VEIN CLINICS OF AMERICA, INC.

**(b)** County of Residence of First Listed Plaintiff   Northampton

County of Residence of First Listed Defendant   Delaware

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road,
Two Greenwood Square, Suite 128, Bensalem,
PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **PRISONER PETITIONS** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 510 Motions to Vacate | **IMMIGRATION** | Under Equal Access |
| | Employment | Sentence | ☐ 462 Naturalization Application | to Justice |
| | ☐ 446 Amer. w/Disabilities - | Habeas Corpus: | ☐ 463 Habeas Corpus - | ☐ 950 Constitutionality of |
| | Other | ☐ 530 General | Alien Detainee | State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 465 Other Immigration | |
| | | ☐ 540 Mandamus & Other | Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
     Proceeding
☐ 2 Removed from
     State Court
☐ 3 Remanded from
     Appellate Court
☐ 4 Reinstated or
     Reopened
☐ 5 Transferred from
     another district
     (specify)
☐ 6 Multidistrict
     Litigation
Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 (42USC2000)
Brief description of cause:
Violations of Title VII and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

3/22/2016
DATE

SIGNATURE OF ATTORNEY OF RECORD

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |